**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000530**
**08-SEP-2022**
**08:09 AM**
**Dkt. 66 SO**

NO. CAAP-18-0000530

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GENBAO GAO, Claimant-Appellant,
v.
LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD,
STATE OF HAWAIʻI, Agency-Appellee,
and
STATE OF HAWAIʻI, DEPARTMENT OF THE ATTORNEY
GENERAL, Employer-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-020(S))

<u>**SUMMARY DISPOSITION ORDER**</u>
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Claimant-Appellant Genbao **Gao** appeals from: (1) the "Order Denying Motion to Award Attorney's Fees" entered by Agency-Appellee Labor and Industrial Relations Appeals Board (**LIRAB**) on April 25, 2018; and (2) the "Order Denying Motion for Reconsideration and/or Reopening" entered by LIRAB on June 6, 2018.  It appears that LIRAB did not explain the factual or legal bases for its decisions.  We vacate both orders and remand to LIRAB for entry of amended orders explaining the factual and legal bases for its decisions.

The factual and procedural background for this appeal comes from <u>Gao v. Haw. Lab. Rels. Bd.</u>, No. CAAP-12-0000424, 2013 WL 656787 (Haw. App. Feb. 22, 2013) (SDO) (<u>Gao I</u>); <u>Gao v. Dep't of Att'y Gen.</u>, No. CAAP-11-0000001, 2013 WL 3863101 (Haw. App.

July 22, 2013) (SDO), <u>cert. rejected</u>, SCWC-11-0000001, 2013 WL 5809980 (Haw. Oct. 28, 2013) (<u>Gao II</u>); and <u>Gao v. Dep't of Att'y Gen.</u>, No. CAAP-14-0000694, 2015 WL 1880738 (Haw. App. April 23, 2015) (SDO) (<u>Gao III</u>), <u>vacated by</u> <u>Gao v. Dep't of Att'y Gen.</u>, 137 Hawai‘i 450, 375 P.3d 229 (2016) (<u>Gao IV</u>).

Gao worked for Employer-Appellee **State** of Hawai‘i Department of the Attorney General.  He received a written reprimand on October 9, 2007; a 30-day suspension without pay on December 10, 2007; and a "Notice to Improve Performance" (**NTIP**) during a meeting on January 28, 2008.

Gao's employment was terminated on January 20, 2009.  He filed a prohibited practice complaint with the Hawai‘i Labor Relations Board (**HLRB**).  HLRB dismissed the complaint as untimely.  Gao appealed to the circuit court.  The circuit court affirmed, and denied Gao's motions for reconsideration and for a new trial.  Gao appealed to this court.  We affirmed in <u>Gao I</u>. Gao did not petition for certiorari.

Gao also brought three grievances against the State, with the aid of his union.  The grievances were arbitrated.  The arbitrator issued a decision in favor of the State on all three grievances.  Gao appealed to the circuit court.  The circuit court dismissed the appeal.  Gao appealed to this court.  We affirmed in <u>Gao II</u>.  The supreme court rejected Gao's petition for certiorari.

Gao also made a claim for workers compensation benefits for psychological injury based on the NTIP.  The Disability Compensation Division (**DCD**) denied the claim.  Gao appealed to LIRAB.  LIRAB affirmed the denial.  Gao appealed to this court. We affirmed in <u>Gao III</u>.  The supreme court granted Gao's petition for certiorari (Gao was represented by counsel from the Hawai‘i Appellate Pro Bono Program).  The supreme court held that the NTIP was not a "disciplinary action" as defined and used in HRS §§ 386-1 and 386-3 and, accordingly, that Gao's workers compensation claim was not barred by HRS § 386-3(c).  <u>Gao IV</u>, 137

Hawaiʻi at 452, 375 P.3d at 231.  The supreme court remanded the case to LIRAB for further proceedings.

Gao retained counsel for the remand.  LIRAB issued a pretrial order framing the issue presented:

> Whether [Gao] sustained a personal psychological injury on January 28, 2008, arising out of and in the course of employment.

The State ultimately conceded that Gao "sustained a personal psychological injury on January 28, 2008, arising out of [his] employment, which was caused in part by the issuance of the Notice to Improve Performance (NTIP)[.]"  The State reserved its "right to challenge the extent and degree of injury" and "limitations on the benefits" should Gao pursue [those] issues in another forum.[1]

On March 16, 2018, LIRAB vacated its previous order affirming the DCD's denial of benefits and dismissed Gao's appeal as moot based upon the State's concession of liability.  Gao did not appeal from that order.

On March 22, 2018, Gao's counsel requested approval of his attorney fees and costs pursuant to Hawaii Revised Statutes (**HRS**) § 386-94 (2015).[2]  The request stated: "It is requested

---

[1]    The record does not indicate whether Gao's DCD claim was re-opened.

[2]    HRS § 386-94 provides, in relevant part:

> **Attorneys, physicians, other health care providers, and other fees.**  Claims for services shall not be valid unless approved by the director or, if an appeal is had, by the appellate board or court deciding the appeal. Any claim so approved shall be a lien upon the compensation in the manner and to the extent fixed by the director, the appellate board, or the court.
>
>      In approving fee requests, the director, appeals board, or court may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of issues involved, the amount of fees awarded in similar cases, benefits obtained for the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience. In all
> (continued...)

that the award be against [the State]; to the extent the fees are not awarded against [the State], that [Gao] be responsible." LIRAB approved the fees and costs. The approved sum was made a lien upon any compensation payable by the State; otherwise, Gao was responsible for payment of the approved amount.

On March 23, 2018, Gao (through counsel) filed a motion for award of attorneys fees from the State under HRS § 386-93(a). LIRAB entered the Order Denying Motion to Award Attorney's Fees on April 25, 2018. Gao filed a motion for reconsideration on May 23, 2018. LIRAB entered the Order Denying Motion for Reconsideration and/or Reopening on June 6, 2018. Gao's counsel withdrew on June 18, 2018. Gao — again self-represented — filed a notice of appeal on June 29, 2018, creating this appeal.[3]

"Appellate review of a LIRAB decision is governed by HRS § 91-14(g)[.]" Botelho v. Atlas Recycling Ctr., 146 Hawaiʻi 435, 442, 463 P.3d 1092, 1099 (2020). HRS § 91–14(g) (2012 & Supp. 2016) provides:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)     In violation of constitutional or statutory provisions;
>
> (2)     In excess of the statutory authority or jurisdiction of the agency;
>
> (3)     Made upon unlawful procedure;
>
> (4)     Affected by other error of law;

---

[2](...continued)
       cases, reasonable attorney's fees shall be awarded.

[3]     Gao's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b). Nevertheless, the Hawaiʻi Supreme Court instructs that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

> (5)    Clearly erroneous in view of the reliable,
>         probative, and substantial evidence on the whole
>         record;  or
>
> (6)    Arbitrary, or capricious, or characterized by
>         abuse of discretion or clearly unwarranted
>         exercise of discretion.

Under HRS § 91-14(g):

> A court reviewing the decision of an agency should
> ensure that the agency make[s] its findings reasonably
> clear.  The parties and the court should not be left to
> guess the precise finding of the agency.  An agency's
> findings should be sufficient to allow the reviewing court
> to track the steps by which the agency reached its decision.

In re Hawaiʻi Elec. Light Co., 145 Hawaiʻi 1, 11, 445 P.3d 673, 683 (2019) (cleaned up).

The statute under which Gao sought attorneys fees provides, in relevant part:

> If the . . . appellate board . . . finds that proceedings
> under this chapter have been . . . defended without
> reasonable ground, the whole costs of the proceedings
> including reasonable attorney's fees may be assessed against
> the party who has . . . defended the proceedings.

HRS § 386-93(a) (2015).  Based upon the language of the statute, LIRAB's denial of Gao's motion appears to indicate that LIRAB found the State reasonably defended the remand.  However, the Order Denying Motion to Award Attorney's Fees summarily denied the motion without explanation, and LIRAB did not enter findings of fact.  We are unable to determine whether LIRAB's decision was clearly erroneous, right, wrong, or an abuse of discretion.  See Botelho, 146 Hawaiʻi at 451, 463 P.3d at 1108 (stating that LIRAB must provide reasoning for how it awarded attorneys' fees that is more than a recitation of the statutory factors considered, and "must articulate how its considerations affected its ultimate determination of attorneys' fees"); see also In re Haw. Elec. Light Co., 145 Hawaiʻi at 11, 445 P.3d at 683.

Accordingly, we vacate the "Order Denying Motion to Award Attorney's Fees" entered on April 25, 2018, and the "Order Denying Motion for Reconsideration and/or Reopening" entered on

5

June 6, 2018, and remand for LIRAB to enter amended orders explaining the factual and legal bases for its decisions.  See Botelho, 146 Hawaiʻi at 451, 463 P.3d at 1108 (vacating attorney's fees order and remanding for further proceedings because "LIRAB recited factors it considered in reducing Masui's requested attorney's fees without explaining how it applied these factors[.]").

DATED:  Honolulu, Hawaiʻi, September 8, 2022.

On the briefs:

Genbao Gao,
Self-represented
Claimant-Appellant.

James E. Halvorson,
Maria C. Cook,
Deputy Attorneys General,
Department of the Attorney
General, State of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge